ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| EDWIN ALONSO RODRÍGUEZ Y OTROS<br><br>Peticionario<br><br>v.<br><br>MAYAGÜEZ RESORT & CASINO, INC.<br><br>Recurridos | KLCE202400600 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil núm. MZ2023CV01741<br><br>Sobre: Cobro De Dinero; Incumplimiento De Contrato |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de julio de 2024.

Comparece ante *nos*, Edwin Alonso Rodríguez (Alonso Rodríguez o parte peticionaria) y nos solicita que revisemos y revoquemos la *Resolución* emitida el 9 de mayo de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez. Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la *Moción de Desestimación de la Reconvención* que presentó la parte peticionaria.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, *expedimos* el auto de *certiorari* y, en consecuencia, *confirmamos* la *Resolución* de la cual se recurre, por los fundamentos que expondremos a continuación.

**I.**

El 4 de octubre de 2023, la parte peticionaria presentó una *Demanda* sobre cobro de dinero e incumplimiento de contrato en contra del Mayagüez Resort & Casino, Inc. (MRC o parte recurrida). En ajustada síntesis, solicitó el cobro de los cánones de

arrendamiento adeudados.[1] Ulteriormente, el 12 de octubre de 2023, S.A. Properties, Inc. (S.A. Properties) presentó una *Demanda* en contra de la parte recurrida en el caso MZ2023CV01772. Consecuentemente, el 14 de noviembre de 2023, ambos casos fueron consolidados.

Así, el 18 de marzo de 2024, la parte recurrida presentó una *Contestación a Demanda Enmendada y Reconvención* en contra de la parte peticionaria. A grandes rasgos, sostuvo que la presentación de la demanda para el cobro de los cánones de arrendamiento se hizo con la intención de interferir con unas negociaciones para la venta de sus acciones. A su vez, adujo que las negociaciones culminaron como consecuencia de la presentación de la demanda. Indicó, además, que la presentación de la demanda le ha causado daños a su reputación y ha sido evidente la baja en la ocupación y reservación de habitaciones, así como las visitas a sus instalaciones.

Ese mismo día, la parte peticionaria presentó una *Moción de Desestimación de la Reconvención.* Acentuó que no existe un remedio en ley porque nuestro ordenamiento jurídico, salvo persecución maliciosa, no permite una acción en daños y perjuicios como consecuencia de la presentación de un pleito civil.

En respuesta, el 23 de abril de 2024, la parte recurrida presentó una *Oposición a Moción de Desestimación de Reconvención.* En esta, arguyó que los casos citados en la solicitud de desestimación de la reconvención no tienen inherencia o quedaron obsoletos ante la inclusión del Artículo 18 del Código Civil de 2020, *infra.* Asimismo, alegó que como el peticionario es secretario de la Junta de Directores del MRC, violentó su deber de fiducia y es

---

[1] Posteriormente, el 19 de enero de 2024, la parte peticionaria presentó una *Demanda Enmendada.* El 23 de mayo de 2024, la parte recurrida presentó una *Enmienda a Contestación a Demanda Enmendada, Reconvención y Demanda Contra Terceros Indispensables.*

responsable por los daños sufridos como consecuencia de la presentación de la demanda.

Tras examinar los argumentos de las partes, el 9 de mayo de 2024, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de desestimación de la *Reconvención* que presentó la parte peticionaria. Así, el *foro a quo* dispuso que:

> [e]xaminada la solicitud de desestimación de la reconvención presentada por la parte demandante y su correspondiente oposición, este Tribunal acoge el derecho citado por la parte demandada en su moción en oposición y declara No Ha Lugar la desestimación presentada **en esta etapa de los procedimientos**. Sin embargo, se **concede el término de 10 días a la parte demandada para presentar la Reconvención Enmendada** e incluir a cualquier parte indispensable y necesaria para resolver la causa de acción levantada en la reconvención. De igual forma y luego de concluido el descubrimiento de prueba, la parte demandante podrá solicitar la desestimación que entienda pertinente.

Inconforme, el 29 de mayo de 2024, la parte peticionaria acudió ante *nos* mediante una *Solicitud de Certiorari* y alegó la comisión del siguiente error:

> **Erró el TPI al declarar No Ha Lugar la Moción de Desestimación presentada por las aquí Peticionarias cuando, según se desprende de dicha moción dispositiva, la Reconvención deja de exponer una reclamación que justifique la concesión de un remedio en ley.**

Examinado el recurso de *certiorari*, el 7 de junio de 2024, emitimos una *Resolución* mediante la cual le concedimos un término de veinte (20) días a la parte recurrida para que presentara su posición al recurso. El 10 de junio de 2024, la parte recurrida presentó una *Moción de Desestimación de Recurso*. En la misma, planteó que el recurso de *certiorari* advino académico, toda vez que enmendó su *Reconvención*. Manifestó que la *Reconvención* de la cual se recurre no es la que actualmente está ante la consideración del TPI.

Así las cosas, el 12 de junio de 2024, la parte peticionaria presentó una *Moción en Cumplimiento de Orden* mediante la cual acreditó la notificación de la presentación del recurso al TPI. El 25

de junio de 2024, emitimos una *Resolución* mediante la cual le concedimos un término de quince (15) días a la parte peticionaria para que presentara su posición a la *Moción de Desestimación de Recurso.* Luego, el 27 de junio de 2024, la parte recurrida presentó una *Moción Aclaratoria.*

El 2 de julio de 2024, la parte recurrida presentó un *Memorando en Oposición a la Expedición del Recurso de Certiorari.* Posteriormente, el 11 de julio de 2024, la parte peticionaria presentó una *Oposición a: Moción de Desestimación.* Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Banco Popular v. Gómez Alayón y otros*, 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Banco Popular v. Gómez Alayón y otros, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**B. Desestimación**

La Regla 10.2 de Procedimiento Civil (32 LPRA Ap. V) le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, pág. 266. La precitada regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra.*

Así pues, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra.* Véase, además, *Costas Elena y otros v. Magic Sport Culinary Corp. y otros*, 2024 TSPR 13, 213 DPR __ (2024); *Bonnelly Sagrado v. United Surety*, 207 DPR 715 (2021).

Ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384 (2022). Véase, además, *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994). Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros, supra.*

Asimismo, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible en favor del demandante. *Bonnelly Sagrado v. United Surety, supra; Torres v. Torres et al.*, 179 DPR 481, 502 (2010). De hecho, tampoco procede la desestimación de la demanda si esta es susceptible de ser enmendada. *Clemente v. Dept. de la Vivienda*, 114 DPR 763 (1983).

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil (32 LPRA Ap. V), la demanda sólo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres v. Torres et al.*, *supra*, pág. 501. Es por esto que una demanda no será desestimada, salvo que se demuestre "que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar". *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407, 423 (2012); *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra*, pág. 428. Por consiguiente, el asunto a considerar es, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R.*, *supra*, pág. 505. Finalmente, este mecanismo procesal no debe ser utilizado en aquellos casos que envuelven un alto interés público, excepto que no haya duda de que, de los hechos alegados en la demanda, no es posible conceder un remedio adecuado al demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra*, pág. 429.

**C. Academicidad**

El principio de justiciabilidad requiere la existencia de un caso o controversia real para que los tribunales puedan ejercer

válidamente el Poder Judicial. *Hernández Montañez v. Parés Alicea,* 208 DPR 727 (2022). El concepto de justiciabilidad "impone el deber de examinar si los casos que traban una controversia de índole constitucional cumplen con determinados e indispensables requisitos previo a una expresión". *Noriega v. Hernández Colón,* 135 DPR 406, 420 (1994). Lo anterior, pues, "los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo,* 80 DPR 552, 558-559 (1958). Por consiguiente, para poder ejercer de forma válida nuestra facultad de interpretar la ley, es necesario que el caso presente una controversia auténtica, definida y concreta, dentro de un contexto adversativo. De lo contrario, procede la desestimación del recurso presentado porque, como no existe una controversia real entre los litigantes, el tribunal debe abstenerse de adjudicarlo.

El Tribunal Supremo de Puerto Rico ha resuelto que una controversia no es justiciable en las siguientes circunstancias, a saber: (1) cuando la cuestión a resolver es una cuestión política; (2) cuando el pleito no está maduro; (3) cuando, después de iniciado el pleito, hechos posteriores lo convierten en académico; (4) cuando lo que se procura obtener es una opinión consultiva; y (5) cuando las partes no poseen legitimación activa para incoar la acción presentada. *Noriega v. Hernández Colón, supra,* a la pág. 421.

Así pues, entre los elementos a evaluar para determinar si un caso es justiciable se encuentran, si después que ha comenzado el pleito, hechos posteriores lo convierten en académico. *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 932 (2011). Nuestro Tribunal Supremo ha expresado que "[l]a academicidad recoge la situación en que, aun cumplidos todos los criterios de justiciabilidad, ocurren cambios en los hechos o el derecho durante

el trámite judicial que tornan académica o ficticia la solución del pleito". *UPR v. Laborde Torres y otros I,* 180 DPR 253, 280 (2010). Véase, además, *Báez Díaz v. ELA,* 179 DPR 605, 617 (2010).

Un pleito es académico cuando se trata de obtener un fallo sobre una controversia inexistente, o una sentencia sobre un asunto el cual, por alguna razón, no podrá tener efectos prácticos. *RBR Const., S.E. v. A.C.,* 149 DPR 836, 846 (1999).[2]

La doctrina de la academicidad tiene como fin: "(1) evitar el uso innecesario de los recursos judiciales; (2) asegurar que haya la adversidad suficiente para que las controversias se presenten y defiendan competente y vigorosamente; y (3) evitar precedentes innecesarios". *UPR v. Laborde Torres y otros I, supra,* pág. 280.

Una vez se determina que un pleito es académico, por imperativo constitucional —ausencia de caso o controversia—, o autolimitación judicial, los tribunales deben abstenerse de considerarlo en sus méritos. *Asoc. De Periodistas v. González,* 127 DPR 704, 719 (1991).

**III.**

De entrada, debemos auscultar si procede la desestimación del recurso de epígrafe. En el caso ante *nos,* la parte recurrida solicitó la desestimación del recurso de *certiorari* por entender que la controversia se tornó académica. Planteó que el lenguaje de la *Reconvención,* sobre la cual el peticionario solicitó que se revoque la *Resolución* mediante la cual el TPI rehusó desestimarla, fue enmendada; por lo que, la *Reconvención* sobre la cual recurre el peticionario no es la *Reconvención* que está actualmente ante la consideración del TPI.

Por su parte, la parte peticionaria adujo que la *Reconvención* enmendada se limita a incluir como terceros demandados a Alonso

---

[2] Véase, además, *Hon. Eduardo Bhatia Gautier v. Gobernador et al.,* 199 DPR 59, 73 (2017).

Rodríguez en su capacidad personal, su esposa y la Sociedad Legal de Gananciales compuesta por ambos. Agregó que la *Reconvención* enmendada solo modifica la sintaxis de los párrafos 19 y 20 de la *Reconvención* original. Así pues, sostuvo que las modificaciones en el lenguaje no añaden nada nuevo a la causa de acción en la *Reconvención* que torne la controversia en académica.

Luego de un análisis meticuloso de la *Reconvención* original y la enmendada, debemos concluir que en efecto las modificaciones que la parte recurrida realizó a la *Reconvención* no tornan la controversia en académica. Esto, pues tal y como expuso la parte peticionaria, las modificaciones en el lenguaje no añaden nada nuevo a la causa de acción. Es decir, la *Reconvención* enmendada no modifica ni altera la sustancia de la causa de acción en la *Reconvención* original. Así pues, aun cuando la *Reconvención* fue enmendada, la controversia no es inexistente y es susceptible de repetirse. En consecuencia, se declara *No Ha Lugar* la *Moción de Desestimación de Recurso* que presentó la parte recurrida.

De otro lado, en su recurso la parte peticionaria alegó que erró el TPI al declarar *No Ha Lugar* la *Moción de Desestimación de la Reconvención* presentada, según se desprende de dicha moción dispositiva, la *Reconvención* deja de exponer una reclamación que justifique la concesión de un remedio en ley. No tiene razón.

Según el derecho que antecede, una parte puede solicitar la desestimación de una causa de acción si esta deja de exponer una reclamación que justifique la concesión de un remedio. Regla 10.2 (5) de Procedimiento Civil, *supra.* Así pues, ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Cobra Acquisitions, LLC v. Municipio de Yabucoa, supra.* Luego, debe determinar si, a base de

esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros, supra.*

En el caso ante nuestra consideración, el TPI tuvo la oportunidad de examinar la *Moción de Desestimación de la Reconvención* que presentó la parte peticionaria y su correspondiente oposición y, en consecuencia, declaró *No Ha Lugar* la misma en esta etapa de los procedimientos. Asimismo, dejó claro que luego de concluido el descubrimiento de prueba, la parte peticionaria podría solicitar la desestimación que entienda pertinente. Por lo tanto, al así resolver estamos convencidos de que el *foro a quo* interpretó las alegaciones de forma conjunta, liberal y de la manera más favorable posible a la parte recurrida. Véase, *Bonnelly Sagrado v. United Surety, supra.*

Así pues, no debemos perder de perspectiva que una demanda solo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio". Regla 6.1 de Procedimiento Civil, *supra.* Esto, pues las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres v. Torres et al., supra.*

**IV.**

Por los fundamentos antes expuestos, *expedimos* el auto de *certiorari* y, en consecuencia, *confirmamos* la *Resolución* recurrida. Además, se declara *No Ha Lugar* la *Moción de Desestimación de Recurso* que presentó la parte recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones